UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-10205
USDC No. 4:96-CV-041-A
Summary Calendar
_____


DELBERT RAY PORTER,

                                        Plaintiff-Appellant,

                        versus

TEXAS BOARD OF PARDONS,
AND PAROLES; VOLUNTEERS OF
AMERICA - HALFWAY HOUSE,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Texas
_____
July 18, 1996

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Delbert Ray Porter, # 0443267, appeals the dismissal of his
complaint, in which he challenged actions by the Texas Board of
Pardons and Paroles and treatment he received while confined at the
Volunteers of America - Halfway House.  Members of the Texas Board
of Pardons and Paroles who personally participate in the quasi-
judicial activity of parole revocation proceedings are entitled to

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

absolute immunity.  See McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 160-61 (5th Cir. 1995); Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994).  Porter's claims against the halfway house and its officials do not accrue until he shows that his parole revocation is declared invalid by a state court.  Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).  Porter has failed to exhaust state remedies on his habeas claims.  Sterling v. Scott, 57 F.3d 451, 453 (5th Cir. 1995), cert. denied, 116 S.Ct. 715 (1996).  Porter's motion to dismiss sentence is also denied.

AFFIRMED.